IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD C. KASHNICKI, | : | No. 4:06-CV-0976 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| PETS UNITED, LLC | : | |
| Defendant | : | |

## MEMORANDUM

August 4, 2008

This matter is before the Court on the report and recommendation (Doc. 34) of Magistrate Judge Thomas M. Blewitt which recommends that the motion for summary judgment of the defendant Pets United, LLC be granted. No party has filed objections to the report and recommendation, and the time in which to do so allowed by Local Rule 72.3 has elapsed. This matter is therefore ripe for the Court's decision. For the reasons set forth below, the Court shall adopt the report and recommendation and grant the defendant's motion for summary judgment.

### I.   STANDARD OF REVIEW

Where, as here, no objections are made to a magistrate judges's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The Court's examination of the record confirms the Magistrate Judge's recommendations, and although no reason has been presented to revisit them, the Court will briefly review the salient aspects of the dispositive legal issued raised by the report.

## II.  BACKGROUND

The plaintiff Edward Kashnicki raises claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relation Act ("PHRA"), 43 Pa. C.S. § 951, *et seq.* arising from the termination of his employment with the defendant Pets United, LLC, a mail order and internet-based pet supply company.

Kashnicki was hired by Pets United as a warehouse manager in 1990, at a time when the company's sales and orders were increasing.[1] After 1999, when the company was sold to new ownership, however, its financial condition began to deteriorate. Pets United's sales declined from $11 million in 2001 to $5 million in

---

[1] Unless otherwise noted, this background is derived from the undisputed facts stated in the report and recommendation and the portions of the defendant's statement of undisputed material facts which the Magistrate Judge adopted. (Doc. 34 at 3-19.) The Court's independent review of the parties' submissions in support of and opposition to the motion for summary judgment confirms the Magistrate Judge's recitation of the background of this case.

2003. The company lost $1.5 million in 2002 and $2 million in 2003. Kashnicki himself recognized that during this time, the company "went all downhill" and that "on a monthly basis, [it] was losing a considerable amount of money." Kashnicki even approached management to suggest layoffs were needed in the warehouse based on a lack of work.

Management was determined to "stop the hemorrhaging," and on April 8, 2003, Pets United initiated a reduction in force and eliminated nine employees to reduce the cost of operations. Kashnicki was one of the nine employees terminated. At the time, he was 65 years old.

Kashnicki's former position of warehouse manager was eliminated to save costs. Management believed that Kashnicki's primarily supervisory position could no longer be justified given the drastic financial state of the company. Prior to the RIF, Kashnicki was the only salaried employee in the warehouse and was earning two-to-three times the wages of other warehouse employees. For example, Kashnicki was paid more than twice as much as the next highest paid warehouse employee. In fact, Kashnicki was the second highest paid employee in the company. Following the layoffs, no one employee replaced Kashnicki or assumed his job responsibilities; rather his work was reassigned to multiple employees.

Sometime after the RIF, two of the nine eliminated employees were hired back, although one of the hire-backs was only temporary. Both employees were younger than Kashnicki. In addition, in November 2005, more than two years after the RIF, a new warehouse manager was hired who is also younger than Kashnicki.

After being laid off, Kashnicki made little to no effort to find employment. He eventually began working part-time for the Krayer Detective Agency, and is currently enjoying being "semi-retired."

Kashnicki believes he was included in the RIF for three reasons: (1) because the person making the decision regarding who would be laid off believed he was involved in the termination of her boyfriend; (2) because he was the highest paid employee in the warehouse; and (3) because he was the oldest person in the company.

## III. DISCUSSION

To prevail on an intentional age discrimination claim under the ADEA or PHRA, "a plaintiff must show that his or her age 'actually motivated' or 'had a determinative influence on' the employer's adverse employment decision." *Fasold v. Justice*, 409 F.3d 178, 183-84 (3d Cir. 2005). A plaintiff can meet this burden by presenting direct evidence of discrimination or by presenting indirect evidence

4

through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* at 184. Kashnicki presents no direct evidence of discrimination, and therefore, must proceed under *McDonnell Douglas*.

Under this familiar three-part analysis, an employee must first establish a prima facie case of discrimination, after which the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision. *Id.* If the employer articulates one or more such reasons, the employee must then proffer evidence that is sufficient to allow a reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual. *Id.*

Pets United concedes, for purposes of the present motion, that Kashnicki has made out a prima facie case of discrimination. Pets United articulates as its legitimate, nondiscriminatory reason for terminating Kashnicki the need to reduce its number of employees and operating costs in light of the drastic financial decline the company experienced. As the Magistrate Judge found, this reason is amply supported by the record, and Kashnicki himself conceded that the company was in dire straits financially.

The burden then shifts to Kashnicki to offer evidence demonstrating that this articulated reason is pretextual. A plaintiff can accomplish this by "either (i)

5

discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Id.* at 185 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994)).

The Court agrees with the Magistrate Judge that Kashnicki has not met this burden. Kashnicki has presented no evidence to disbelieve Pets United's claim that its RIF was motivated by its precarious financial condition and the need to cut costs. As noted above, Kashnicki's own comments and actions, in fact, confirm the deteriorating financial condition of Pets United and the company's need to reduce operating costs by eliminating an employee who was admittedly paid far more than almost any other. Nor has Kashnicki presented evidence demonstrating that discrimination was more likely than not the cause of his termination. His allegation that he was laid off because of his involvement in the termination of the boyfriend of the individual making the RIF decisions does not establish that age-based discrimination played any role in the adverse employment decision. Further, the fact that younger workers were later hired does not meet the burden, as these employees worked in unrelated positions, one of the hire-backs was only temporary, and the younger workers were paid substantially less than Kashnicki. The Magistrate Judge correctly determined that Kashnicki has not met his burden

at the third step of the *McDonnell Douglas* analysis, and therefore, Pets United is entitled to the entry of summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court will adopt the Magistrate Judge's report and recommendation and grant Pets United's motion for summary judgment. An appropriate order will enter.